On Application for Rehearing.
PER CURIAM.
In his application for rehearing, learned counsel for defendant Bailey raises two contentions:
(1) Defendant Bailey should be held only for the costs of such laborers’ wages as were incurred in the correction of faulty installation performed by Bailey. In this connection he points out that our decree with respect to the item of laborers’ wages does not expressly limit Bailey’s responsibility in this regard but apparently holds Bailey responsible for all laborers employed by plaintiff after Bailey left the job.
(2) The award in favor of plaintiff erroneously includes the sum of $139.25 for brick work which was disallowed by the trial court.
In connection with his argument that Bailey’s liability for laborers’ wages should be limited to such wages paid in the correction of faulty work, learned counsel for defendant points to the testimony of Krep-pein to the effect that had Bailey remained on the job, plaintiff would, nevertheless, have been required to furnish and pay any laborers employed to perform general labor since defendant’s contract called for the performance of carpentry work only and did not contemplate furnishing whatever common labor may have been needed for the construction. Defendant’s point in this regard appears well taken since if plaintiff would have been required to furnish labor in any event, the only extra expense incurred by plaintiff in the payment of laborers were wages paid laborers for correction of defective workmanship performed by defendant.
We, therefore, amend and revise our original decree by holding that plaintiff’s recovery for laborers’ wages incurred is limited solely to wages paid laborers in the correction of defective workmanship performed by defendant Bailey.
. Counsel for defendant still maintains our computation of the initial award herein includes the sum of $139.25 for bricklayers. In this connection, counsel argues that the trial court first allowed judgment for $549.-36 for brick work but on rehearing allowed or added $139.25 and deducted $549.36, the net effect of which resulted in an allowance of $139.25. As we originally pointed out herein, the record does not bear out counsel’s position. The evidence shows the itemized account submitted by plaintiff in the sum of $5,265.18 contained a charge of $688.61 for bricklayers. The trial judge reduced this item from $688.61 to $139.25 but erroneously subtracted $139.25 which resulted in an award of $549.36 instead of $139.25. On rehearing, however, he disallowed the entire item and subtracted the additional sum of $549.36, which added to the sum of $139.25 previously deducted resulted in complete elimination of the sum of $688.61 charged for brick work. The judgment rendered herein contains no award to plaintiff for brick work. As herein amended our original decree is reinstated and affirmed. Rehearing refused.
Affirmed as amended.